IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

GREEN VALLEY SPECIAL UTILITY
DISTRICT,
                Plaintiff,

-vs-

DEANN T. WALKER, KENNETH W.
ANDERSON, JR., and BRANDY MARTY
MARQEUZ, in their official capacities as
Commissioners of the Public Utility
Commission of Texas; BRIAN H. LLOYD,
in his official capacity as Executive Director
of the Public Utility Commission of Texas;
CITY OF SCHERTZ, TEXAS; JOHN
KESSEL, in his official capacity as City
Manager of the City of Schertz, Texas; and
GUADALUPE VALLEY DEVELOPMENT
CORPORATION,
                Defendant.

CAUSE NO.:
AU-17-CA-00819-SS

ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically, Defendants DeAnn Walker, Kenneth Anderson, Brandy Marquez, and Brian H. Lloyd[1] in their capacity as officials of the Public Utility Commission (collectively, the PUC Officials)'s Motion to Dismiss [#21], Green Valley's Response [#30] in opposition, and the PUC

---

[1] The PUC Officials argue Lloyd should be dismissed because only Commissioners make decertification decisions, and Lloyd is not a Commissioner but rather the Executive Director of the PUC. PUC Mot. Dismiss [#21] at 1. However, as Green Valley correctly observes, though Lloyd is not responsible for making decertification decisions, he is partially responsible for enforcing them. *See* Resp. PUC Mot. Dismiss [#30] at 2 (citing TEX. WATER CODE § 13.4151(c)). Given Lloyd's enforcement role, the Court denies the PUC Officials' request that the Court dismiss Lloyd as a named defendant.

1

Officials' Reply [#45] in support; Defendants City of Schertz and John Kessel[2] (collectively, the City of Schertz)'s Motion to Dismiss [#38], Plaintiff Green Valley Special Utility District (Green Valley)'s Response [#51] in opposition, and the City's Reply [#53] in support; and Defendant Guadalupe Valley Development Corporation (GVDC)'s Motion to Dismiss [#54], Green Valley's Response [#56] in opposition, and GVDC's Reply [#57] in support. Having reviewed the documents, the relevant law, and the case file as a whole, the Court now enters the following opinion and orders.

## Background

This is a federal preemption case. Green Valley is a special utility district with two Certificates of Convenience and Necessity (CCNs)—one for water service, the other for sewer service. Second Am. Compl. [#25] at 3–4. The CCNs were issued by the Texas Public Utility Commission (the PUC) and give Green Valley an exclusive right to provide water and sewer service to a designated service area. *Id.*

In part, Green Valley has funded its operations with a federal loan obtained under 7 U.S.C. § 1926. Second Am. Compl. [#25] at 4. Under § 1926(b), the existence of this federal loan means "the service provided or made available" by Green Valley "shall not be curtailed or limited by inclusion of the area served . . . within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan." 7 U.S.C. § 1926(b).

---

[2] The City asserts Green Valley has not stated a claim against Kessel other than in his official capacity as City Manager. It is true that under *Kentucky v. Graham*, there is "no longer a need to bring official-capacity actions against local officials" because "local government units can be sued directly for damages and injunctive or declaratory relief." 473 U.S. 159, 167 (1985). However, while *Graham* states it is unnecessary to bring such claims against local officials, it does not state the claims must be dismissed. Because the City cites no further authority in support of this argument, the Court denies the City's request that the Court dismiss Kessel as a named defendant.

2

The GVDC Application

On April 4, 2016, GVDC filed an application with the PUC for expedited decertification of its property from Green Valley's sewer CCN pursuant to Texas Water Code § 13.254(a-5). Second Am. Compl. [#25] at 6. Section 13.254(a-5) allows the owner of a qualifying[3] tract of land not receiving water or sewer service to petition the PUC for expedited release from a CCN. The owner of the tract of land is "entitled" to be released from the CCN upon request. TEX. WATER CODE § 13.254(a-5). Upon review, the PUC Officials concluded § 13.254(a-6) does not allow the PUC to deny a petition received under § 13.254(a-5) on the basis Green Valley has an outstanding loan under § 1926. Second Am. Compl. [#25] at 6, 30; *see also* TEX. WATER CODE § 13.254(a-6) ("The utility commission may not deny a petition received under Subsection (a-5) based on the fact that a certificate holder is a borrower under a federal loan program."). The PUC Officials therefore granted GVDC's application for decertification. Second Am. Compl. [#25] at 6. Green Valley appealed this decision to state district court. *See* Advisory Ct. [#67].

The City of Schertz Application

On May 11, 2016, the City of Schertz filed an application with the PUC for certification of an area within the City's corporate limits. Second Am. Compl. [#25] at 6–7. Because the area fell within Green Valley's sewer CCN, this required decertifying a portion of Green Valley's service area and recertifying the same area to the City. *Id.* The City of Schertz filed its application to replace Green Valley in reliance on Texas Water Code § 13.255(b)–(c). Section 13.255 states a municipality may file an application with the PUC to be granted certification to provide water or sewer service to an area annexed or incorporated by the municipality. TEX. WATER CODE. § 13.255(a)–(b). Section 13.255(c) further states the PUC "*shall* grant single

---

[3] Section 13.254(a-5) imposes several conditions on release which are not relevant for the purposes of this suit. *See* TEX. WATER CODE § 13.254(a-5).

3

certification to the municipality" upon receipt of an application. *Id.* § 13.255(c) (emphasis added). Upon review, the PUC Officials determined they lacked authority to consider whether 7 U.S.C. § 1926(b) preempts § 13.244(b)–(c). Second Am. Compl. [#25] at 40.

The Present Federal Action

Green Valley now brings this action against the PUC Officials, the City of Schertz, and GVDC (collectively, Defendants), alleging Defendants are illegally encroaching on Green Valley's service area in violation of § 1926(b). Second Am. Compl. [#25]. Specifically, Green Valley argues § 1926(b) preempts portions of § 13.254 and § 12.255 and limits the authority of the PUC Officials to decertify land from Green Valley's service area. *Id.* On this basis, Green Valley asks the Court to declare portions of § 13.254(a-1) and § 13.254(a-6) are preempted by federal law and to enjoin the PUC Officials from decertifying land from Green Valley's territory under §§ 13.254(a-1), 13.254(a-5), 13.254(a-6), or 13.255((b)–(c). *Id.* at 13–16. Additionally, Green Valley seeks to enjoin GVDC and the City from attempting to curtail or limit Green Valley's CCNs pursuant to a decertification decision made under § 13.254(a-5) or § 13.255(b)–(c). *Id.*

The PUC Officials, the City, and GVDC move to dismiss. PUC Mot. Dismiss [#21]; City Mot. Dismiss [#38]; GVDC Mot. Dismiss [#54]. Following a hearing before this Court on January 23, 2018, these pending motions are now ripe for review.

**Analysis**

Due to the overlapping nature of Defendants' motions to dismiss, the Court examines the motions collectively, argument by argument. The Court first addresses the contention that Green Valley's claims against the PUC Officials are barred by Eleventh Amendment sovereign immunity. The Court then turns to Defendants' various abstention arguments. Finally, the Court

4

addresses Defendants' arguments that Green Valley's suit must be dismissed for failure to state a claim on which relief can be granted.

## I. Eleventh Amendment Sovereign Immunity

The PUC Officials argue Green Valley's claims against the PUC commissioners are barred by Eleventh Amendment sovereign immunity. PUC Mot. Dismiss [#21] at 9–13. Neither party contends Texas has waived its Eleventh Amendment immunity in this case. *See Pace v. Bolagusa City Sch. Bd.*, 403 F.3d 272, 276–78 (5th Cir. 2005). Therefore, in order for Green Valley's suit to proceed, it must demonstrate this action satisfies the requirements of *Ex parte Young*'s equitable exception to Eleventh Amendment sovereign immunity. *See Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 515 (5th Cir. 2017). In determining whether the doctrine of *Ex parte Young* allows Green Valley to avoid an Eleventh Amendment bar to suit, a court need only conduct a "straightforward inquiry" into whether the complaint alleges "an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (citation omitted).

The PUC Officials suggest *Ex parte Young* does not apply because (1) Green Valley has no federal right; (2) Green Valley seeks retrospective relief; (3) Green Valley has not demonstrated entitlement to injunctive relief; and (4) *Ex parte Young* does not apply because Texas has a special sovereignty interest in regulating water utilities. PUC Mot. Dismiss [#21].

### 1. Federal Right

The PUC Officials first argue *Ex parte Young* does not apply because Green Valley lacks a federal right of action. *Id.* at 11. However, the Fifth Circuit has repeatedly allowed suits seeking equitable relief on the basis of federal preemption to proceed under *Ex parte Young*. *See,*

5

*e.g., Air Evac*, 851 F.3d at 515 (finding *Ex parte Young* exception applied in action seeking injunctive relief against state officers on the basis of federal preemption); *Planned Parenthood of Houston & Se. Tex. v. Sanchez*, 403 F.3d 324, 331–33 & n.46 (5th Cir. 2005) (recognizing implied right of action to assert preemption claims seeking injunctive and declaratory relief); *Cox v. City of Dallas, Tex.*, 256 F.3d 281, 307–08 (5th Cir. 2001) (concluding *Pennhurst* did not bar suit against state officials where plaintiff alleged violations of federal law rather than state law); *cf. Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 159–60 (1984) (concluding *Ex parte Young* is "inapplicable in a suit against state officials on the basis of state law").[4] The Court finds Green Valley possesses a federal right for purposes of *Ex parte Young*.

### 2. Prospective Relief

The PUC Officials argue prospective relief is not available with respect to GVDC because the order has become final and is subject only to state court review. PUC Mot. Dismiss [#21] at 10 ("Jurisdiction over the action has passed to the Travis County District Courts.").[5] According to the PUC Officials, declaratory or injunctive relief issued by this Court to reverse the PUC order would qualify as retrospective relief unavailable under *Ex parte Young*. *Id*.

The Court finds Green Valley's request that the Court enjoin an allegedly ongoing violation of federal law qualifies as prospective relief. Indeed, it is nearly axiomatic that an

---

[4] The PUC Officials attempt to avoid these precedential constraints by arguing the Court should define Green Valley's federal right with extreme particularity. *See* PUC Mot. Dismiss [#21] at 11–12 (arguing § 1926(b) may provide Green Valley with a federal right to protect its territory from encroachment but does not apply to decertification under TEX. WATER CODE § 13.254). There are two problems with this argument. First, and most obviously, *Ex parte Young* simply requires Green Valley to assert a federal right, as opposed to a state right, as its basis for relief. *See Cox*, 256 F.3d at 307–08. By the PUC Officials' own admission, Green Valley has done so here. *See* PUC Mot. Dismiss [#21] at 11–12 (acknowledging § 1926(b) confers a federal right). Second, in asking the Court to find Green Valley lacks a federal right because § 1926(b) does not preempt § 13.254, the PUC Officials have improperly imported a merits inquiry into *Ex parte Young*. *See Air Evac*, 851 F.3d at 520 (noting consideration of merits questions is "beyond the threshold jurisdictional question posed by *Ex parte Young*").

[5] The PUC Officials do not appear to argue prospective relief is unavailable with respect to Green Valley's claims against the City of Schertz.

injunction prohibiting state administrative officials from enforcing preempted state regulations qualifies as prospective relief under *Ex parte Young*. *See, e.g., Air Evac*, 851 F.3d at 512–13, 520 (finding plaintiff sought prospective relief in requesting court enjoin administrative enforcement of state regulation allegedly preempted by federal law, despite pending appeal in state court of an administrative law judge ruling that found state regulation was not preempted); *see also Verizon*, 535 U.S. at 645 ("The prayer for injunctive relief—that state [administrative] officials be restrained from enforcing an order in contravention of controlling federal law—clearly satisfies our 'straightforward inquiry' [under *Ex parte Young*].").[6]

In sum, the Court rejects the PUC Officials' suggestion that the requested equitable relief is retrospective and unavailable under *Ex parte Young*.

### 3.    Traditional Requirements for Injunctive Relief

Third, the PUC Officials argue Green Valley cannot meet the traditional requirements for injunctive relief and therefore cannot obtain injunctive relief under *Ex parte Young*. PUC Mot. Dismiss [#21] at 12. Specifically, the PUC Officials contend Green Valley is not entitled to injunctive relief because it has an adequate remedy at law. *Id.*

The Court finds consideration of the merits of Green Valley's request for injunctive relief to be premature at the motion to dismiss stage. To survive the pending motions to dismiss, Green Valley need only plead sufficient facts to state a claim for relief. *See Air Evac*, 851 F.3d at 520 ("[H]aving determined [plaintiff's] action satisfies the *Ex parte Young* exception, we need not

---

[6] The Court notes in passing that equitable relief is particularly unlikely to qualify as retrospective where, as here, the sought-after relief is not likely to have any direct impact upon state coffers. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (finding retroactive award of monetary relief almost certain to be paid with state funds—rather than by individual state officials—impermissible under *Ex parte Young*); *see also Verizon*, 535 U.S. at 646 (distinguishing *Edelman* on the ground that declaratory relief would "not impose upon the State a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials" (internal quotation marks omitted)).

consider . . . whether the requirements for temporary or permanent equitable relief are also present.").

4. **Sovereignty Interest**

Fourth, the PUC Officials argue *Ex parte Young* should not apply because Texas's role in utility regulation qualifies as a "special sovereignty interest" under *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 262 (1997). PUC Mot. Dismiss [#21] at 12–13. But the Fifth Circuit does not interpret *Coeur d'Alene* to alter the general contours of *Ex parte Young*. *See AT&T Commc'ns v. Bellsouth Telecomms., Inc.*, 238 F.3d 636, 648–49 (5th Cir. 2001) (concluding Fifth Circuit "has rejected the idea that *Coeur d'Alene* affects the traditional application of *Ex parte Young*); *see also Verizon*, 535 U.S. at 645 (suggesting *Coeur d'Alene* did not meaningfully impact *Ex parte Young*). Thus, Texas's interest in utility regulation does not constitute a "special state sovereignty interest" precluding application of *Ex parte Young*.

## II. Exercise of Jurisdiction

Defendants suggest this Court should abstain from exercising jurisdiction under a variety of equitable and statutory principles. In particular, Defendants argue (1) *Burford* abstention applies; (2) *Pullman* abstention applies; (3) the Court should exercise equitable restraint under *Younger v. Harris*; (4) the Anti-Injunctive Act bars the claims for injunctive relief; and (5) the Court should decline to exercise jurisdiction under the Declaratory Judgment Act. Before turning to Defendants' various abstention arguments, the Court notes federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

8

A.     *Burford* Abstention

*Burford* abstention is appropriate in two circumstances: (1) cases involving difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case;[7] or (2) where federal adjudication of the case would disrupt state efforts to establish a coherent policy with respect to matters of substantial public importance. *Munich Am. Reinsurance Co. v. Crawford*, 141 F.3d 585, 589 (5th Cir. 1998) (citing *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989) (*NOPSI*)). Factors relevant to the Court's decision to abstain under *Burford* include (1) whether the cause of action arises under federal or state law; (2) whether the case requires inquiry into unsettled issues of state law; (3) the importance of the state interest involved; (4) the state's need for a coherent policy in that area; and (5) the presence of a special state forum for judicial review. *Wilson v. Valley Elec. Membership Corp.*, 8 F.3d 311, 314 (5th Cir. 1993) (citations omitted).

Defendants argue *Burford* abstention is appropriate because Green Valley's suit raises both state law and constitutional grounds and because Texas has a substantial interest in maintaining a comprehensive regulatory scheme for the provision of water and wastewater services. PUC Mot. Dismiss [#21] at 17; City Mot. Dismiss [#38] at 12–15.

This is not a situation in which *Burford* abstention is applicable. Green Valley seeks injunctive and declaratory relief on the basis of federal preemption. *See* Second Am. Compl. [#25]. Though the Fifth Circuit does not appear to have weighed in on the matter, numerous courts of appeals and the Supreme Court have concluded *Burford* abstention should not apply when plaintiffs present a colorable federal preemption claim. *See NOPSI*, 491 U.S. at 362

---

[7] Collectively, the Defendants' arguments in favor of *Burford* abstention have failed to identify any unsettled issue of state law that might weigh in favor of *Burford* abstention. *See* PUC Mot. Dismiss [#21] at 16–17; City Mot. Dismiss [#38] at 12–15.

9

("Unlike a claim that a state agency has misapplied its lawful authority or has failed to take into consideration or properly weigh relevant state-law factors, federal adjudication of this sort of preemption claim would not disrupt the State's attempt to ensure uniformity in the treatment of an 'essentially local problem'" (citation omitted)); *Int'l Bhd. Of Elec. Workers, Local Union No. 1245 v. Pub. Serv. Comm'n of Nev.*, 614 F.2d 206 211–12 & n.1 (9th Cir. 1980) (noting "the advisability of *Burford* abstention is particularly questionable when the basis of the plaintiff's claims is preemption" because while "the purpose of *Burford* abstention is to avoid federal intrusion into matters which are largely of local concern[,] . . . [a] preemption claim alleges . . . Congress has determined that particular matters are of national concern and should be administered by national, rather than local, institutions"); *see also Neufeld v. City of Baltimore*, 964 F.2d 347, 350 (4th Cir. 1992) ("As the Supreme Court has emphasized, a federal court should not abstain under *Burford* just because resolution of a federal question may result in overturning state policy." (citing *NOPSI*, 491 U.S. at 363)). The Court concludes *Burford* abstention does not preclude consideration of Green Valley's preemption claims.

**B.**     ***Pullman* Abstention**

*Pullman* abstention is appropriate in actions involving (1) a federal constitutional challenge to state action and (2) an unclear issue of state law that, if resolved, would make it unnecessary for us to rule on the federal constitutional question. *Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm.*, 283 F.3d 650, 652–53 (5th Cir. 2002) (citing *Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 236 (1984)). In order for *Pullman* abstention to apply, the state statute must be "fairly subject to an interpretation which will render unnecessary adjudication of the federal constitutional question." *Midkiff*, 467 U.S. at 236 (internal quotation marks and citation omitted)

The PUC Officials suggest two ways in which §§ 13.254 and 13.254 might be ambiguous. However, in neither instance do the PUC Officials suggest an interpretation which might render adjudication of the federal question unnecessary, and as a result, the Court finds *Pullman* abstention does not apply here.

The PUC Officials first argue "[t]he reimbursement provision requiring compensation for property rendered valueless may mitigate any harm that § 1926(b) was enacted to prevent." PUC Mot. Dismiss [#21] at 19. While the reimbursement provision may in fact mitigate harm, this would not render ambiguous the express command of § 1926(b) that "service provided or made available" by an association with a § 1926(a) loan "shall not be curtailed or limited" in a manner prohibited by § 1926(b).

The PUC Officials next argue that if "receiving water or sewer service" in § 13.254 is interpreted similarly to "service provided or made available" as used in § 1926(b), "there will be no preemption." *Id.* at 19. However, the PUC officials do not explain how the alleged ambiguity in § 13.254's reference to "receiving water or sewer service" might be resolved in such way as to render unnecessary the interpretation of § 1926(b). Absent such argument, the Court finds the statutory language within § 13.254(a-5) to be unambiguous.

In sum, the Court finds the PUC Officials have failed to identify an interpretation of §§ 13.254 or 13.255 which would render unnecessary adjudication of the federal question. The Court therefore concludes *Pullman* abstention does not apply because the state statute is not "fairly subject to an interpretation which will render unnecessary adjudication of the federal constitutional question." *Id.*[8]

---

[8] Additionally, it is arguable whether a preemption claim under the Supremacy Clause is a substantial constitutional issue for the purposes of *Pullman* abstention. *See United Servs. Auto. Ass'n v. Muir*, 792 F.2d 356, 364 (3d Cir. 1986) ("[W]e hold that preemption claims under the Supremacy Clause are not substantial federal constitutional issues for which *Pullman* abstention might be appropriate."); *see also Fleet Bank, Nat'l Ass'n v.*

11

## C. Equitable Restraint via *Younger*

The *Younger* doctrine bars federal courts from enjoining ongoing state judicial proceedings. *Younger v. Harris*, 401 U.S. 37, 40–41 (1971). "When a federal court is asked to interfere with a pending state prosecution, established doctrines of equity and comity are reinforced by the demands of federalism, which require that federal rights be protected in a manner that does not unduly interfere with the legitimate functioning of the judicial systems of the States." *Kugler v. Helfant*, 421 U.S. 117, 123 (1975). Equitable restraint under *Younger* is proper when three criteria are met: "(1) the dispute should involve an 'ongoing state judicial proceeding;' (2) the state must have an important interest in regulating the subject matter of the claim; and (3) there should be an 'adequate opportunity in the state proceedings to raise constitutional challenges.'" *Wightman v. Tex. Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996) (quoting *Middlesex Cty.*, 457 U.S. at 435–37); *see also Bishop v. State Bar of Tex.*, 736 F.2d 292, 294 (5th Cir. 1984)).

Though courts may only exercise equitable restraint under *Younger* if the dispute involves ongoing state judicial proceedings, "abstention is not required in every case of parallel state-court proceedings." *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2017) (citing *Sprint Commc'ns v. Jacobs*, 134 S. Ct. 584, 591 (2013)). Rather, federal courts should only abstain when confronted with one of three "exceptional" categories of state proceedings: "ongoing criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and

---

*Burke*, 160 F.3d 883, 890, 893 (2d Cir. 1998) ("[P]reemption claims, though implicating the Supremacy Clause, have been recognized as presenting a constitutional issue of a lesser magnitude than suits challenging the authority of state officials on the ground that their actions will violate the substantive limitations of the Constitution."); *id.* ("[A] plaintiff asserting federal preemption of an indisputably applicable state statute has a clear right to obtain a federal court resolution of its preemption claim."). However, the Court need not reach this issue here, because neither § 13.254 nor § 13.255 present a materially uncertain issue of state law. *See Nationwide*, 283 F.3d at 652–53; *see also Midkiff*, 467 U.S. at 236.

pending civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Hood*, 822 F.3d at 222 (internal quotation marks and citations omitted).

The Court finds *Younger* is inapplicable because neither the proceedings before the PUC nor the lawsuit in state court fall within any of the three exceptional categories of state proceedings enumerated in *Hood*. Indeed, the City of Schertz does not even attempt to explain how the state proceedings at issue here might merit the application of *Younger*, contending only that "clearly this is an ongoing state judicial proceeding." City Mot. Dismiss [#38] at 16.

### D. Anti-Injunction Act

The PUC Officials argue the Court must dismiss Green Valley's claims against state officials because the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this Court from enjoining state courts' consideration of appeals from PUC decisions. PUC Mot. Dismiss [#21] at 13–16.[9]

The Court finds it cannot apply the Anti-Injunction Act here because Green Valley has not sought to enjoin state court proceedings. *See* Second Am. Compl. [#25] at 13–16. Rather, it seeks to enjoin the PUC, which conducts administrative proceedings. The Anti-Injunction Act does not apply to state administrative proceedings. *See Bud Antle, Inc. v. Barbosa*, 45 F.3d 1261, 1271 (9th Cir. 1994) ("[E]very circuit to decide the question has held that the Anti-Injunction Act . . . limits a federal court's power to enjoin proceedings in a State *court*[] . . . but does not affect the power to enjoin proceedings in any other entity of state government, such as a state administrative agency."). Therefore, as Green Valley has not requested this Court enjoin state court proceedings, § 2283 does not apply here.

---

[9] *See Tex. Emp'rs Ins. Ass'n v. Jackson*, 862 F.2d 491, 498 (5th Cir. 1988) ("[A] claim of federal preemption—even one which is unmistakably clear—is not within any of the exceptions stated in section 2283 and hence does not suffice to authorize an injunction of state court proceedings." (citing *Atl. Coast Line R.R. Co. v. Bd. of Locomotive Eng'rs*, 398 U.S. 281 (1970)).

### E. Declaratory Judgment Act

Because the Court finds it has jurisdiction over Green Valley's claims for injunctive relief, Defendants' arguments regarding the Court's discretion to decline to exercise jurisdiction under the Declaratory Judgment Act are inapplicable. *Cf.* PUC Mot. Dismiss [#21] at 19 ("Given the lack of jurisdiction over Green Valley's injunction request, the Court should abstain from hearing any remaining declaratory judgment claims . . . ."). Accordingly, the Court denies Defendants' request that the Court abstain from exercising its jurisdiction under the Declaratory Judgment Act.

### III. Failure to State a Claim

Defendants argue Green Valley fails to state a claim for relief because (1) 7 U.S.C. § 1926(b) does not apply to Texas Water Code § 13.254(a-6); (2) a declaration that § 13.254(a-6) is unconstitutional would not give Green Valley relief because the PUC would still be required to grant municipalities' requests to provide service under § 13.255; and (3) Green Valley has not pled facts demonstrating it has "provided or made available" service within the meaning of § 1926(b).

First, the Court turns to Defendants' argument Green Valley has not stated a claim for relief because § 1926(b) does not apply to Texas Water Code § 13.254(a-6). PUC Mot. Dismiss [#21] at 6–8; GVDC Mot. Dismiss [#54] at 14. In two conclusory paragraphs, the PUC Officials and GVDC assert § 1926(b) does not apply to § 13.254 because § 1926(b) only prevents *municipal* encroachment, whereas the instant case involves a landowner attempting to flee from Green Valley's service area. *Id.*

Notwithstanding Defendants' arguments to the contrary, Green Valley has stated a claim for relief by alleging § 1926(b) preempts § 13.254. *See Sanchez*, 403 F.3d at 331–33 & n.46

(recognizing implied right of action to assert preemption claims seeking injunctive and declaratory relief). Even if, as Defendants appear to suggest, § 1926(b) does not expressly preempt § 13.254, Green Valley has still stated a plausible claim for relief under a theory of conflict preemption. *See Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372–73 (2000) (explaining state statutes may be preempted "to the extent of any conflict with a federal statute" so long as the challenged state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" (citing *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941) (internal quotation marks omitted)); Second Am. Compl. [#25] at 7–9 (alleging Defendants' actions under §§ 13.254 and 13.255 impair Green Valley's ability to service its federal loan); Resp. PUC Mot. Dismiss [#30] at 7–10 (arguing § 13.254 undercuts Congress's purpose in enacting § 1926(b)).[10]

Second, the Court addresses the PUC Officials' suggestion Green Valley has failed to state a claim because a declaration finding § 13.254(a-6) unconstitutional would not afford Green Valley relief. PUC Mot. Dismiss [#21] at 8. The PUC Officials argue invalidation of § 13.254(a-6) would not alter the PUC Officials' obligation to approve applications for decertification[11] because the PUC Officials would still lack discretion to deny applications for expedited release under § 13.254(a-5) and because the PUC Officials would still lack authority to adjudicate preemption issues when considering applications for decertification. *Id.*; *see also* TEX.

---

[10] Especially in light of the paucity of Defendants' briefing on this matter, the Court believes the question of conflict preemption is better addressed outside the scope of the pending motions to dismiss. *Cf. Crosby*, 530 U.S. at 373 ("What is a sufficient obstacle [to trigger conflict preemption] is a matter of judgment, to be informed by examining the federal state as a whole and identifying its purpose and intended effect[.]" (citing *Savage v. Jones*, 225 U.S. 501, 533 (1912)).

[11] Obviously, to the extent § 13.254(a-6) *does* purport to alter the PUC Officials' certification decisions by overriding federal law, it is unconstitutional under the Supremacy Clause, and to the extent § 13.254(a-6) represents an attempt by the Texas legislature to interpret federal law, it is entitled to no weight in this Court's statutory analysis. However, as noted in the previous footnote, the pending motions to dismiss do not require the Court to issue a ruling on the merits of Green Valley's preemption claims.

15

WATER CODE § 13.254(a-5) (stating submission of a valid certification petition under § 13.254(a-5) "entitle[s]" a landowner to release from a CNN); Second Am. Compl. [#25] at 21–23 (concluding the PUC "does not have authority to determine" whether § 1926(b) preempts portions of the Texas Water Code).

In arguing Green Valley has not stated a claim for declaratory relief as to § 13.254(a-6) because its requested relief would be ineffective, the PUC Officials confuse two separate issues: the ability to state a claim upon which relief can be granted and the efficacy of that relief. The efficacy of Green Valley's requested relief does not bear on its ability to state a claim. Rather, the efficacy of Green Valley's requested relief goes to redressability—an issue which is relevant in establishing Article III standing and also in discerning whether Green Valley is entitled to equitable relief. It is not relevant, however, in assessing whether Green Valley has stated a viable preemption claim.[12]

Third and finally, the Court considers Defendants' argument Green Valley has not stated a claim because Green Valley has not pled facts showing it "provided or made available" sewer service within the meaning of § 1926(b). City Mot. Dismiss [#38] at 6–11; GVDC Mot. Dismiss [#54] at 10–14. Section 1926(b) only protects service "provided or made available" through an association with a federal loan under § 1926(a). In reliance on the decisions of courts of appeals in several other circuits, Defendants argue § 1926(b) requires Green Valley have a "pipe in the ground" or "physical ability" to provide service to the area in question. City Mot. Dismiss [#38] at 10; GVDC Mot. Dismiss [#54] at 10–14.

---

[12] In a related argument, GVDC has similarly muddled the distinction between claim and relief. GVDC argues Green Valley's "Water CCN-Related claims" must be dismissed for lack of subject matter jurisdiction because they are not ripe. See GVDC Mot. Dismiss [#54] at 10 (noting GVDC "has not petitioned the PUC to remove its land from Green Valley's Water CCN"). GVDC misunderstands what constitutes a claim. Essentially, Green Valley has two claims—one claim alleges § 1926(b) preempts § 13.254; the other claim alleges § 1926(b) preempts § 13.255. Indisputably, both of these claims are ripe, because the PUC Officials have issued orders under both statutory provisions which purport to decertify land from Green Valley's service area. Accordingly, GVDC's motion to dismiss Green Valley's "Water CCN-Related claims" under Rule 12(b)(1) is denied.

The Court finds Fifth Circuit precedent conclusively precludes interpreting § 1926(b) to require a "pipe in the ground" requirement. In *North Alamo Water Supply Corp. v. City of San Juan, Texas*, the Fifth Circuit held "a Utility's state law duty to provide service is the legal equivalent to the Utility's 'making service available' under § 1926(b)." 90 F.3d 910, 916 (5th Cir. 1996) (per curiam). More recently, in *Green Valley Special Utility District v. City of Cibolo, Texas*, the Fifth Circuit reaffirmed that "[w]here a CCN imposes a duty on a utility to provide a service, that utility has 'provided or made available' that service under § 1926(b)." 90 F.3d 910, 916 (5th Cir. 1996). Though other courts of appeals have questioned the wisdom of this interpretation, this Court is bound by the holdings of the circuit in which it sits. Therefore, the Court finds Green Valley was not required to plead facts showing it had met a "pipe in the ground" requirement. Under the Fifth Circuit's interpretation of § 1926(b), Green Valley need only plead it possesses a CCN imposing a duty on Green Valley to provide service. Because Green Valley has done so, it has pled sufficient facts to bring an action arguing it is entitled to the protection of § 1926(b).

## Conclusion

The Court determines Green Valley's claims against the PUC Officials are not barred by Eleventh Amendment sovereign immunity. Additionally, the Court finds Defendants' abstention arguments are unavailing and further concludes Green Valley's claims should not be dismissed under Rule 12(b)(6).

Accordingly,

    IT IS ORDERED the PUC Officials' Motion to Dismiss [#21] is DENIED;

    IT IS FURTHER ORDERED the City of Schertz's Motion to Dismiss [#38] is DENIED; and

IT IS FINALLY ORDERED the GVDC's Motion to Dismiss [#54] is DENIED.

SIGNED this the 9th day of February 2018.

                                          *Sam Sparks*
                                      SAM SPARKS
                                      SENIOR UNITED STATES DISTRICT JUDGE